IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TIA CHILOIS HILLARY | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Cause No. 3:23-CV-00207 |
| | § | |
| GP TRANS INC, GLENN E. KING AND | § | |
| OLEG ZABIRKO | § | |
| | § | |
| *Defendants*. | § | |

**GP TRANS, INC. AND OLEG ZABIRKO'S JOINT NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to sections 1332, 1441, and 1446, Title 28 of the United States Code, GP Trans, Inc. ("GP Trans") and Oleg Zabirko ("Mr. Zabirko") respectfully files this Joint Notice of Removal, removing Cause No. 2023DCV1046 from the County Court at Law Six of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division, as follows:

**I.  Factual and Procedural background**

1.      This suit arises from an alleged April 7, 2021, motor vehicle accident between Mr. Zabirko and Tia Hillary ("Ms. Hillary") in El Paso County, Texas. Ex. A, St. Ct. Rec., Pl.'s Orig. Pet. at ¶ 11.

2.      On March 31, 2023, Ms. Hillary filed her Original Petition in the County Court at Law number Six of El Paso County, Texas, Cause No. 2023DCV1046, based on this alleged motor vehicle accident and claims injuries and damages as a result. *Id*.

3.      In the Original Petition, Ms. Hillary alleges she is an individual domiciled in Texas. *Id*. at ¶ 2.

1

4.    Plaintiff alleges GP Trans, Inc. is not a Texas company, but rather a foreign limited liability company with its principal office in Washington. *Id.* at ¶ 3.

5.    Plaintiff also alleges Mr. Zabirko is not a resident of Texas whom resides in the State of Oregon. *Id*. at ¶ 5.

6.    Plaintiff further alleges Glenn King ("Mr. King") is not a resident of Texas whom resides in the State of Georgia. *Id*. at ¶ 4.

7.    Plaintiff seeks damages over $250,000.00 but not more than $1,000,000 for past and future medical expenses, past and future physical impairment, past and future pain and suffering, and past and future mental anguish. *Id*. at ¶ 25-26.

8.    Mr. King has not received service of process of Plaintiff's Complaint and summons.

9.    GP Trans and Mr. Zabirko accepted service with a copy of the citation and petition in the State Court Action on May 23, 2023. As such, this notice of removal is filed within thirty (30) days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b).

10.    Plaintiff requested a jury trial. *Id*. at pg. 7.

11.    GP Trans and Mr. Zabirko now timely removes this case to federal court.

12.    No hearings have been scheduled in the State Court Action.

## II.  Grounds for Removal

13.    Subject matter jurisdiction exists in this case pursuant to section 1332, and therefore, removal of this case to federal court is proper because the amount in controversy is in excess of $75,000 and diversity exists among the parties.

### A.  The amount in controversy exceeds $75,000.

14.    Pursuant to section 1332, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a).

15.    Ms. Hillary seeks damages in excess of $250,000.00 but not more than $1,000,000. Ex. A, Pl.'s Orig. Pet. at ¶ 26. Therefore, the amount in controversy is satisfied.

**B.  Total diversity exists among the parties.**

16.    An out of state defendant may remove a case to federal court if total diversity exists. *Flagg v. Stryker Corp.*, 819 F.3d 132, 135-36 (5th Cir. 2016).

17.    Total diversity of citizenship exists because Ms. Hillary's citizenship is diverse from GP Trans's and Mr. Zabirko's citizenship in that (1) Ms. Hillary is a citizen of the State of Texas; (2) GP Trans is not a Texas corporation, (3) Mr. Zabirko is a citizen of the State of Oregon, and (4) Mr. King is a citizen of the State of Georgia. Ex. A, Pl.'s Orig. Pet. at ¶ 2-5. Thus, complete diversity exists among the parties.

**C.  Consent of Glenn King is unnecessary for GP Trans and Mr. Zabirko to remove this case.**

18.    Glenn King has not received service of process of the Complaint and summons and, accordingly, his consent to removal is not needed at this time. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action").

**III.  Proper Venue and Compliance with Removal Procedure**

19.    Pursuant to section 1441(a), removal to this Court is proper as the accident occurred in El Paso County, Texas. 28 U.S.C. § 1391(b)(2).

20.    Removal of this matter to federal court is timely as GP Trans and Mr. Zabirko removed this matter within thirty (30) days of being served with a copy of Plaintiff's Original Petition, the point at which this matter became removable, 28 U.S.C. § 1446(b), and within one year of the commencement of this action. *Id.* § 1446(c)(1).

21.     GP Trans and Mr. Zabirko will properly give Ms. Hillary written notice of the filing of this Joint Notice of Removal as required by section 1446(d). GP Trans and Mr. Zabirko will also promptly file a copy of this Joint Notice of Removal with the District Clerk of the County Court at Law number Six of El Paso County, Texas, Cause No. 2023DCV1046.

22.     True and correct copies of all process, pleadings, and the Orders served in the State court action are being filed with this Joint Notice of Removal, as required by section 1446(a). Ex. A, St. Ct. Rec.

Accordingly, GP Trans, Inc. and Oleg Zabirko, pursuant to and in conformity with the requirements set forth in section 1446, respectfully remove Cause No. 2023DCV1046 from the County Court at Law number Six of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 N Mesa St., Ste. 200
El Paso, Texas 79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By:     _/s/ Amado N. Montoya_
CARLOS RINCON
State Bar No. 16932700
CRincon@rinconlawgroup.com
AMADO N. MONTOYA
State Bar No. 24121739
AMontoya@rinconlawgroup.com
OSCAR A. LARA
State Bar No. 24078827
OLara@rinconlawgroup.com

*Attorneys for GP Trans, Inc. and Oleg Zabirko*

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of the foregoing document was served on the parties through their counsel of record via the Court's electronic service and via email, as follows, on this 23rd day of May, 2023:

　　　　　　　　　　　　　　*/s/ Amado N. Montoya*
　　　　　　　　　　　　　　AMADO N. MONTOYA

# EXHIBIT "A"

El Paso County - County Court at Law 6

Filed 3/31/2023 4:58 PM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV1046

IN THE _____

**EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **TIA CHLOIS HILLARY** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CAUSE NO.** |
| | § | |
| **GP TRANS INC, GLENN E. KING AND** | § | |
| **OLEG ZABIRKO** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQUIRED DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, TIA CHLOIS HILLARY, complaining of Defendants, GP TRANS INC, GLENN E. KING and OLEG ZABIRKO, and for cause of action would show the following:

### I.    DISCOVERY LEVEL

1.     Pursuant to Texas Rules of Civil Procedure 190.2, this lawsuit will be conducted under Discovery Control Plan Level 3.

### II.    PARTIES

2.     Plaintiff is a resident of El Paso County, Texas. The last three digits of Plaintiff's driver's license are 767. The last four digits of Plaintiff's Social Security Number are 5065.

3.     Defendant, GP TRANS INC, is a foreign limited liability company registered to do business in the State of Texas. GP TRANS INC does not have a registered agent in the State of Texas. GP TRANS INC may therefore be served with process according to the Texas Long-Arm Statue by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, Texas, 78711, who can in turn serve Defendant GP TRANS INC at their last known

address at 7800 NE 65th St., Vancouver, WA 98662, or wherever they may be found.

4.    Defendant, GLENN E. KING, is an individual whose residence is in Cherokee County, Georgia. Because Defendant is non-resident motorist, pursuant to Texas Civil Practice and Remedies Code Chapter 17.061, the Long-Arm Statute, Defendant, GLENN E. KING, may be served with substituted process by and through his **Agent for Service, J. Bruce Bugg, Jr., Chair, Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701-2483**, Defendant, GLENN E. KING's residential address is 182 Sam Nelson Rd., Canton, GA 30114 or wherever he may be found.

5.    Defendant, OLEG ZABIRKO, is an individual whose residence is believed to be in Columbia County, Oregon. Because Defendant is non-resident motorist, pursuant to Texas Civil Practice and Remedies Code Chapter 17.061, the Long-Arm Statute, Defendant, OLEG ZABIRKO, may be served with substituted process by and through his **Agent for Service, J. Bruce Bugg, Jr., Chair, Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701-2483**, Defendant, OLEG ZABIRKO's residential address is 285 S. 18th St., St. Helens, OR 97051 or wherever he may be found.

### III.    MISNOMER / ALTER EGO

6.    In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV.    JURISDICTION

7.    The Court has jurisdiction over Defendant GP TRANS INC because Defendant as foreign entity, has purposefully availed itself of the laws of the State of Texas and established

Page 2

minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

8.    The Court has jurisdiction over Defendant GLENN E. KING because Defendant has done acts and/or omissions in Texas, has purposefully availed himself of the laws of the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

9.    The Court has jurisdiction over Defendant OLEG ZABIRKO because Defendant has done acts and/or omissions in Texas, has purposefully availed himself of the laws of the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

## V.    VENUE

10.    Venue is proper in El Paso County, Texas.  Specifically, venue is allowed in El Paso County because all or a substantial part of the events and/or omissions occurred in El Paso County, Texas.

## VI.    FACTS

11.    On or about April 7, 2021, Plaintiff, TIA CHLOIS HILLARY was at a complete stop facing south Geronimo Dr. inside the private parking lot of 6101 Gateway Blvd. W. A-1 attempting to make a left turn and head to the intersection with Geronimo Dr. in El Paso, Texas. At the same time, Defendant OLEG ZABIRKO, driving a tractor-trailer owned and entrusted to him by Defendants GP TRANS INC and GLENN E. KING and while in the course and scope of his employment with Defendants GP TRANS INC and GLENN E. KING was entering the private

parking lot of 6101 Gateway Blvd W A-1 in El Paso, Texas. Defendant OLEG ZABIRKO made a wide turn into the lane in which Plaintiff was at a complete stop, causing a violent collision into Plaintiff's vehicle. Defendant OLEG ZABIRKO failed to keep a proper lookout, failed to control his vehicle, failed to make a safe lane change and failed to maintain an assured clear distance from Plaintiff's vehicle. As a result of said collision, Plaintiff sustained bodily injuries. Defendant OLEG ZABIRKO fled the scene of the crash.

## VII.   NEGLIGENCE

12.    That on the occasion in question, Defendant, OLEG ZABIRKO was guilty of numerous acts and/or omissions of negligence including, but not limited to the following:

1.    Failing to timely apply the brakes to his vehicle in order to avoid causing a collision when a reasonable person of ordinary prudence would not have so failed under the same or similar circumstances.

2.    Failing to keep a proper lookout when a reasonable person of ordinary prudence would not have so failed under the same or similar circumstances.

3.    Failing to take proper measures in controlling his vehicle.

4.    Failing to make a safe lane change.

5.    Failing to keep an assured clear distance.

All of the foregoing acts and/or omissions, jointly and severally, separately and collectively are the proximate cause of Plaintiff's injuries and damages.

## VIII.   NEGLIGENCE PER SE

13.    Plaintiff would show the Court that Defendant OLEG ZABIRKO, on the occasion in question, drove negligently in violation of Tex. Trans. Code § 545.103, to wit:

"An operator may not turn the vehicle to enter a private road or driveway, or otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely."



14.     Plaintiff would further show the Court that Defendant OLEG ZABIRKO on the occasion in question, drove a motor vehicle on a public roadway and failed to keep an assured clear distance, thus violating the following statute in the Texas Transportation Code:

> ' **545.062(a)**     An operator shall, if following another other vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another other vehicle, object, or person on or near the highway.

15.     Plaintiff would show that Plaintiff is a member of the class of persons which the statutes were enacted to protect.  Plaintiff would further show that the harm suffered by Plaintiff is of the type which the statutes were enacted to prevent.  Such violations amount to *negligence per se* and are a proximate cause of the occurrence in question.

## IX.     RESPONDEAT SUPERIOR AGAINST DEFENDANTS GP TRANS INC AND GLENN E. KING

16.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant, OLEG ZABIRKO, was within the course and scope of employment for Defendants, GP TRANS INC and GLENN E. KING

17.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant, OLEG ZABIRKO, was engaged in the furtherance of Defendants, GP TRANS INC and GLENN E. KING's business.

18.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant, OLEG ZABIRKO, was engaged in accomplishing a task for which he was employed.

19.     Plaintiff invokes the doctrine of Respondent Superior against GP TRANS INC and GLENN E. KING.



## X.    NEGLIGENT ENTRUSTMENT AGAINST DEFENDANTS GP TRANS INC AND GLENN E. KING

20.    On the date of the incident made basis this suit, GP TRANS INC and GLENN E. KING were the owners of the vehicle operated by OLEG ZABIRKO.

21.    GP TRANS INC and GLENN E. KING entrusted their vehicle to OLEG ZABIRKO.

22.    As described herein, OLEG ZABIRKO was negligent, reckless, and/or operating a motor vehicle without a valid driver's license on the occasion in question.

23.    GP TRANS INC and GLENN E. KING's negligence in this regard was the proximate cause of Plaintiff's damages.

## XI.    DAMAGES

24.    As a result of the negligent conduct of Defendant, Plaintiff suffered bodily injuries. The injuries have had a serious effect on Plaintiff's health and well-being.

25.    Because of the violent acts and/or omissions by Defendant, Plaintiff has suffered damages within the jurisdictional limits of the Court which include past and future:  reasonable and necessary medical expenses, physical impairment, physical pain and suffering, and mental anguish.

26.    By reason of all the above, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## XII.    REQUIRED DISCLOSURES

27.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are required to disclose, within thirty (30) days after the filing of Defendants' answer, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

## XIII.    <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and upon final hearing hereof, Plaintiff has and recovers of and from Defendants for Plaintiff's damages as set forth above, interest on said judgment at the legal rate from the date of injury, Plaintiff's costs of Court, and such or other and further relief, special or general, at law or in equity, to which he may be entitled within the jurisdictional limits of this Court.

**Respectfully submitted,**

**BY: /s/ Geoffrey A. Borschow**
**GEOFFREY A. BORSCHOW**
**State Bar No. 24082708**
**MILAD K. FARAH**
**State Bar No. 24055466**
**FARAH LAW GROUP, PLLC**
**1231 E. Missouri**
**El Paso, TX 79902**
**T: (915) 533-0880**
**F: (915) 533-1155**
**E: gab@gflawoffices.com**
**E: mkf@gflawoffices.com**

**ATTORNEYS FOR PLAINTIFF**
**PLAINTIFF HEREBY DEMANDS**
**TRIAL BY JURY**

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY
MAY 0 2 2023            Deputy



## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Milad Farah on behalf of Geoffrey Borschow
Bar No. 24082708
mkf@gflawoffices.com
Envelope ID: 74239770
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition and Notice of Required
Disclosures / NC
Status as of 4/5/2023 10:32 AM MST

Associated Case Party: TiaChloisHillary

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Geoffrey ABorschow | | gab@gflawoffices.com | 3/31/2023 4:58:48 PM | SENT |
| Georgina Enriquez | | ge@gflawoffices.com | 3/31/2023 4:58:48 PM | SENT |
| Milad KFarah | | mkf@gflawoffices.com | 3/31/2023 4:58:48 PM | SENT |
| Alejandra Ramirez | | ar@gflawoffices.com | 3/31/2023 4:58:48 PM | SENT |



# EXHIBIT "B"

Filed on April 12, 2023
4/12/2023
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Chavira, Crystal

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  **GLENN E. KING**, who may be served with process by serving its Agent for Service, **J. BRUCE BURG, JR., CHAIR, TEXAS TRANSPORTATION COMMISSION, AT  125 E. 11TH STREET, AUSTIN, TEXAS 78701-2483,** who shall then forward it to **GLENN E. KING, AT 182 SAM NELSON RD., CANTON, GA 30114**

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQURIED DISCLOSURES** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 31st day of March, by Attorney at Law, **GEOFFREY A. BORSCHOW 1231 E. MISSOURI, EL PASO, TX 79902** in this case numbered 2023DCV1046 on the docket of said court, and styled:

TIA CHLOIS HILLARY
VS.
GP TRANS INC, GLENN E. KING AND OLEG ZABIRKO

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQURIED DISCLOSURES** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this on this the 12th day of April, 2023

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _C. Chavira_ , Deputy
Crystal Chavira

CERTIFICATE OF DELIVERY BY MAIL

ATTACH RETURN RECEIPTS
WITH ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

I hereby certify that on the _____ day of _____, 2023, at _____ I mailed to _____ efendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQURIED DISCLOSURES** attached thereto.

*NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE     ZIP

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

TITLE

MAY 0 2 2023

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811
attached hereto.

     The described documents were not delivered to the named recipient. The certified mail envelope was returned
undelivered marked _____.

     This forwarding address was provided:_____

El Paso County, Texas

By:_____

Deputy District Clerk

OR

_____

Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

     Before me, a notary public, on this day personally appeared _____, known to me to be the person
whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am
disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and
correct."

Subscribed and sworn to be on this _____ day

of _____, _____.


_____

Notary Public, State of _____

My commission expires:_____

Filed on April 12, 2023
4/12/2023
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Chavira, Crystal

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  **GP TRANS INC**, who may be served with process by serving the **TEXAS SECRETARY OF STATE, AT P.O. BOX 12079, AUSTIN, TEXAS 78711,** who shall then forward it to **GP TRANS, INC., AT 7800 NE 65TH ST, VANCOUVER, WA 98662**

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQURIED DISCLOSURES** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 31st day of March, by Attorney at Law, **GEOFFREY A. BORSCHOW 1231 E. MISSOURI, EL PASO, TX 79902** in this case numbered 2023DCV1046 on the docket of said court, and styled:

TIA CHLOIS HILLARY
VS.
GP TRANS INC, GLENN E. KING AND OLEG ZABIRKO

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQURIED DISCLOSURES** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this on this the 12th day of April, 2023

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Crystal Chavira

CERTIFICATE OF DELIVERY BY MAIL

ATTACH RETURN RECEIPTS
WITH ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

I hereby certify that on the _____ day of _____, 2023, at _____ I mailed to
_____
_____d
efendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQURIED DISCLOSURES** attached thereto.

*NAME OF PREPARER _____ TITLE _____

ADDRESS _____

CITY _____ STATE _____ ZIP _____

TITLE _____

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy
MAY 0 2 2023



**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided:_____


El Paso County, Texas

By:_____

      Deputy District Clerk

OR

_____

Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.


_____

Notary Public, State of _____

My commission expires:_____



Filed on April 12, 2023
1:54 PM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Chavira, Crystal

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  **OLEG ZABIRKO**, who may be served with process by serving its Agent for Service, **J. BRUCE BURG, JR., CHAIR, TEXAS TRANSPORTATION COMMISSION, AT  125 E. 11TH STREET, AUSTIN, TEXAS 78701-2483,** who shall then forward it to **OLEG ZABIRKO, AT 285 S. 18TH., ST. HELENS, OR 97051**
Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQURIED DISCLOSURES** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 31st day of March, by Attorney at Law, **GEOFFREY A. BORSCHOW 1231 E. MISSOURI, EL PASO, TX 79902** in this case numbered 2023DCV1046 *on the docket of said court,* and styled:

TIA CHLOIS HILLARY
VS.
GP TRANS INC, GLENN E. KING AND OLEG ZABIRKO

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQURIED DISCLOSURES** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this on this the 12th day of April, 2023

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____ , Deputy
Crystal Chavira

CERTIFICATE OF DELIVERY BY MAIL

ATTACH RETURN RECEIPTS
WITH ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

I hereby certify that on the _____ day of _____, 2023, at _____ I mailed to _____
_____ d
efendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQURIED DISCLOSURES** attached thereto.

*NAME OF PREPARER                          TITLE

ADDRESS

CITY                    STATE              ZIP

_____
TITLE

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

MAY 0 2 2023



**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____ _____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

      This forwarding address was provided:_____

El Paso County, Texas

By:_____
          Deputy District Clerk

OR

_____
      Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day of _____, _____.


_____
Notary Public, State of _____
My commission expires:_____



Filed 4/6/2023 8:48 AM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV1046

## Citation Issuance Request

**Case Style:** Tia Challis Hillary, vs. GP Trans, Inc., Glenn E. King and Oleg Zabirko

**Cause Number:** 2023DCM1046

**Filing Date:** March 31, 2023

**Documents to Be Served:** Plaintiff's Original Petition and Notice of Required Disclosures

**Type of Service:** Certified Mail by Outside Server

**Defendant #1:** GP Trans, Inc., by delivering to the Texas Secretary of State, Service of Process Division, who will then forward to defendant GP Trans, Inc. at 7800 NE 65th St., Vancouver, WA 98662

**Defendant's Address:** P.O. Box 12079, Austin, Texas 78711

**Defendant #2:** Glenn E. King, by delivering to its Agent for Service, J. Bruce Burg, Jr., Chair, Texas Transportation Commission, who will then forward to defendant Glenn E. King at 182 Sam Nelson Rd., Canton, GA 30114

**Defendant's Address:** 125 E. 11th Street, Austin, Texas 78701-2483

**Defendant #3:** Oleg Zabirko, by delivering to its Agent for Service, J. Bruce Burg, Jr., Chair, Texas Transportation Commission, who will then forward to defendant Oleg Zabirko at 285 S. 18th St., St. Helens, OR 97051

**Defendant's Address:** 125 E. 11th Street, Austin, Texas 78701-2483

Please e-mail completed citations to Joel Payan at
**atyourserviceprocessservice14@gmail.com**

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY: _____ Deputy
MAY 0 2 2023



El Paso County - County Court at Law 6

Filed 3/31/2023 4:58 PM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV1046

**IN THE** _____

**EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **TIA CHLOIS HILLARY** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CAUSE NO.** |
| | § | |
| **GP TRANS INC, GLENN E. KING AND** | § | |
| **OLEG ZABIRKO** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQUIRED DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, TIA CHLOIS HILLARY, complaining of Defendants, GP TRANS INC, GLENN E. KING and OLEG ZABIRKO, and for cause of action would show the following:

### I.     DISCOVERY LEVEL

1.     Pursuant to Texas Rules of Civil Procedure 190.2, this lawsuit will be conducted under Discovery Control Plan Level 3.

### II.     PARTIES

2.     Plaintiff is a resident of El Paso County, Texas. The last three digits of Plaintiff's driver's license are 767.  The last four digits of Plaintiff's Social Security Number are 5065.

3.     Defendant, GP TRANS INC, is a foreign limited liability company registered to do business in the State of Texas. GP TRANS INC does not have a registered agent in the State of Texas. GP TRANS INC may therefore be served with process according to the Texas Long-Arm Statue by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, Texas, 78711, who can in turn serve Defendant GP TRANS INC at their last known

address at 7800 NE 65th St., Vancouver, WA 98662, or wherever they may be found.

4.    Defendant, GLENN E. KING, is an individual whose residence is in Cherokee County, Georgia. Because Defendant is non-resident motorist, pursuant to Texas Civil Practice and Remedies Code Chapter 17.061, the Long-Arm Statute, Defendant, GLENN E. KING, may be served with substituted process by and through his **Agent for Service, J. Bruce Bugg, Jr., Chair, Texas Transportation Commission at 125 E. 11ᵗʰ Street, Austin, Texas 78701-2483**, Defendant, GLENN E. KING's residential address is 182 Sam Nelson Rd., Canton, GA 30114 or wherever he may be found.

5.    Defendant, OLEG ZABIRKO, is an individual whose residence is believed to be in Columbia County, Oregon. Because Defendant is non-resident motorist, pursuant to Texas Civil Practice and Remedies Code Chapter 17.061, the Long-Arm Statute, Defendant, OLEG ZABIRKO, may be served with substituted process by and through his **Agent for Service, J. Bruce Bugg, Jr., Chair, Texas Transportation Commission at 125 E. 11ᵗʰ Street, Austin, Texas 78701-2483**, Defendant, OLEG ZABIRKO's residential address is 285 S. 18ᵗʰ St., St. Helens, OR 97051 or wherever he may be found.

### III.    MISNOMER / ALTER EGO

6.    In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV.    JURISDICTION

7.    The Court has jurisdiction over Defendant GP TRANS INC because Defendant as foreign entity, has purposefully availed itself of the laws of the State of Texas and established

minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

8.     The Court has jurisdiction over Defendant GLENN E. KING because Defendant has done acts and/or omissions in Texas, has purposefully availed himself of the laws of the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

9.     The Court has jurisdiction over Defendant OLEG ZABIRKO because Defendant has done acts and/or omissions in Texas, has purposefully availed himself of the laws of the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

## V.     VENUE

10.     Venue is proper in El Paso County, Texas.  Specifically, venue is allowed in El Paso County because all or a substantial part of the events and/or omissions occurred in El Paso County, Texas.

## VI.     FACTS

11.     On or about April 7, 2021, Plaintiff, TIA CHLOIS HILLARY was at a complete stop facing south Geronimo Dr. inside the private parking lot of 6101 Gateway Blvd. W. A-1 attempting to make a left turn and head to the intersection with Geronimo Dr. in El Paso, Texas. At the same time, Defendant OLEG ZABIRKO, driving a tractor-trailer owned and entrusted to him by Defendants GP TRANS INC and GLENN E. KING and while in the course and scope of his employment with Defendants GP TRANS INC and GLENN E. KING was entering the private

parking lot of 6101 Gateway Blvd W A-1 in El Paso, Texas. Defendant OLEG ZABIRKO made

a wide turn into the lane in which Plaintiff was at a complete stop, causing a violent collision into

Plaintiff's vehicle. Defendant OLEG ZABIRKO failed to keep a proper lookout, failed to control

his vehicle, failed to make a safe lane change and failed to maintain an assured clear distance from

Plaintiff's vehicle. As a result of said collision, Plaintiff sustained bodily injuries. Defendant

OLEG ZABIRKO fled the scene of the crash.

## VII.    NEGLIGENCE

12.    That on the occasion in question, Defendant, OLEG ZABIRKO was guilty of

numerous acts and/or omissions of negligence including, but not limited to the following:

> 1.    Failing to timely apply the brakes to his vehicle in order to avoid causing a collision when a reasonable person of ordinary prudence would not have so failed under the same or similar circumstances.
>
> 2.    Failing to keep a proper lookout when a reasonable person of ordinary prudence would not have so failed under the same or similar circumstances.
>
> 3.    Failing to take proper measures in controlling his vehicle.
>
> 4.    Failing to make a safe lane change.
>
> 5.    Failing to keep an assured clear distance.

All of the foregoing acts and/or omissions, jointly and severally, separately and collectively are

the proximate cause of Plaintiff's injuries and damages.

## VIII.    NEGLIGENCE PER SE

13.    Plaintiff would show the Court that Defendant OLEG ZABIRKO, on the occasion

in question, drove negligently in violation of Tex. Trans. Code § 545.103, to wit:

> "An operator may not turn the vehicle to enter a private road or driveway, or otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely."



14.    Plaintiff would further show the Court that Defendant OLEG ZABIRKO on the occasion in question, drove a motor vehicle on a public roadway and failed to keep an assured clear distance, thus violating the following statute in the Texas Transportation Code:

' **545.062(a)**    An operator shall, if following another other vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another other vehicle, object, or person on or near the highway.

15.    Plaintiff would show that Plaintiff is a member of the class of persons which the statutes were enacted to protect. Plaintiff would further show that the harm suffered by Plaintiff is of the type which the statutes were enacted to prevent. Such violations amount to *negligence per se* and are a proximate cause of the occurrence in question.

## IX.    RESPONDEAT SUPERIOR AGAINST DEFENDANTS GP TRANS INC AND GLENN E. KING

16.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant, OLEG ZABIRKO, was within the course and scope of employment for Defendants, GP TRANS INC and GLENN E. KING

17.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant, OLEG ZABIRKO, was engaged in the furtherance of Defendants, GP TRANS INC and GLENN E. KING's business.

18.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant, OLEG ZABIRKO, was engaged in accomplishing a task for which he was employed.

19.    Plaintiff invokes the doctrine of Respondent Superior against GP TRANS INC and GLENN E. KING.



### X.    NEGLIGENT ENTRUSTMENT AGAINST DEFENDANTS GP TRANS INC AND GLENN E. KING

20.    On the date of the incident made basis this suit, GP TRANS INC and GLENN E. KING were the owners of the vehicle operated by OLEG ZABIRKO.

21.    GP TRANS INC and GLENN E. KING entrusted their vehicle to OLEG ZABIRKO.

22.    As described herein, OLEG ZABIRKO was negligent, reckless, and/or operating a motor vehicle without a valid driver's license on the occasion in question.

23.    GP TRANS INC and GLENN E. KING's negligence in this regard was the proximate cause of Plaintiff's damages.

### XI.    DAMAGES

24.    As a result of the negligent conduct of Defendant, Plaintiff suffered bodily injuries. The injuries have had a serious effect on Plaintiff's health and well-being.

25.    Because of the violent acts and/or omissions by Defendant, Plaintiff has suffered damages within the jurisdictional limits of the Court which include past and future:  reasonable and necessary medical expenses, physical impairment, physical pain and suffering, and mental anguish.

26.    By reason of all the above, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

### XII.    REQUIRED DISCLOSURES

27.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are required to disclose, within thirty (30) days after the filing of Defendants' answer, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

## XIII.    <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and upon final hearing hereof, Plaintiff has and recovers of and from Defendants for Plaintiff's damages as set forth above, interest on said judgment at the legal rate from the date of injury, Plaintiff's costs of Court, and such or other and further relief, special or general, at law or in equity, to which he may be entitled within the jurisdictional limits of this Court.

**Respectfully submitted,**

**BY: <u>/s/ Geoffrey A. Borschow</u>**
**GEOFFREY A. BORSCHOW**
**State Bar No. 24082708**
**MILAD K. FARAH**
**State Bar No. 24055466**
**FARAH LAW GROUP, PLLC**
**1231 E. Missouri**
**El Paso, TX 79902**
**T: (915) 533-0880**
**F: (915) 533-1155**
**E: <u>gab@gflawoffices.com</u>**
**E: <u>mkf@gflawoffices.com</u>**

**ATTORNEYS FOR PLAINTIFF**
**PLAINTIFF HEREBY DEMANDS**
**TRIAL BY JURY**

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY
MAY 0 2 2023    Deputy



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Milad Farah on behalf of Geoffrey Borschow
Bar No. 24082708
mkf@gflawoffices.com
Envelope ID: 74239770
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition and Notice of Required Disclosures / NC
Status as of 4/5/2023 10:32 AM MST

Associated Case Party: TiaChloisHillary

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Geoffrey ABorschow | | gab@gflawoffices.com | 3/31/2023 4:58:48 PM | SENT |
| Georgina Enriquez | | ge@gflawoffices.com | 3/31/2023 4:58:48 PM | SENT |
| Milad KFarah | | mkf@gflawoffices.com | 3/31/2023 4:58:48 PM | SENT |
| Alejandra Ramirez | | ar@gflawoffices.com | 3/31/2023 4:58:48 PM | SENT |

